IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GLENN CRUICKSHANK and ROBIN CRUICKSHANK,

    Plaintiffs,

vs.

ELBERT COUNTY, *et al*.
    Defendants.

CASE NO. 3:06-CV-101(CDL)

O R D E R

This case arises from injuries related to an illness which Mr. Cruickshank suffered while he was an inmate in the Elbert County jail. Plaintiffs contend Mr. Cruickshank's treating physician, Defendant Washington, committed medical malpractice.

Presently pending before the Court are the following motions:

1. Plaintiffs' Motion for Summary Judgment as to Defendant John Henry Washington, Jr. (Doc. 137). As discussed below, this motion is **denied**.

2. Defendant Washington's Motion for Summary Judgment (Doc. 145). As discussed below, this motion is **denied**.

3. Defendant Washington's Motion to Strike Plaintiffs' statement of material facts (Doc. 188). Though Plaintiffs did not strictly comply with Local Rule 56 by filing a "separate and concise statement of material facts" with their Motion for Summary Judgment as to Defendant Washington, the bulk of Plaintiffs' Motion *is* a statement

1

of facts that generally complies with Local Rule 56, and this statement of facts appears to have been repeated verbatim in Plaintiffs' untimely statement of material facts. Therefore, Defendant Washington's Motion to Strike Plaintiffs' statement of material facts (Doc. 188) **is denied as moot.**

PROCEDURAL POSTURE

As of the April 30, 2008 pretrial conference in this case, the following motions for summary judgment were pending: the motion for summary judgment of Elbert County, the Elbert County Commissioners and the Elbert County Sheriff and deputies Mike Thompson and Chris Turman (collectively, "Governmental Defendants") (Doc. 134), Plaintiffs' motion for summary judgment as to the Governmental Defendants (Doc. 135), Plaintiffs' motion for summary judgment against Defendant Hall (Doc. 136), Hall's motion for summary judgment (Doc. 140), Plaintiff's motion for summary judgment against Washington (Doc. 137), and Washington's motion for summary judgment (Doc. 145). At the pretrial conference, the Court informed the parties that it found genuine issues of material fact regarding Plaintiffs' claims against all of the Defendants except for Defendants Turman and Thompson in their individual capacities, and the Court stated that it would grant summary judgment in favor of Turman and Thompson in their individual capacities but deny the

remaining summary judgment motions. The Court also stated that a written order would be forthcoming regarding these rulings.

Prior to the entry of a written order on the summary judgment motions, the Court received notification on May 9, 2008 that Defendant Hall would be dismissed from the case. The Court subsequently received notice on May 16, 2008 that the Governmental Defendants also would be dismissed from the case. Therefore, no reason exists to enter a written order explaining the Court's rationale for denying those Defendants' motions (Docs. 134, 135, 136 and 140) which are now moot.

The only remaining Defendant is Washington. His motion for summary judgment (Doc. 137) and Plaintiff's motion for summary judgment against him (Doc. 145) are denied for the following reasons.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden to show that there is no genuine issue of material fact. *See id.* at 323. Once the summary judgment movant meets its burden, the burden shifts and the nonmoving party must produce evidence to show that there *is* a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 324. The movant is entitled to summary judgment if, after construing

3

the evidence in the light most favorable to nonmoving party and drawing all justifiable inferences in favor of the nonmoving party, no genuine issues of material fact remain to be tried. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

FACTUAL BACKGROUND

Plaintiff Glenn Cruickshank ("Mr. Cruickshank") was an inmate in the Elbert County Detention Center ("jail") during November 2004. On November 26, after Mr. Cruickshank had complained for several days of constipation and abdominal pain and received various treatments from the jail nurse and the jailers, the jail administrator decided to send Mr. Cruickshank to the Elbert Memorial Hospital emergency room. At the emergency room, Mr. Cruickshank was examined by Dr. Washington and by nurses. Dr. Washington diagnosed Mr. Cruickshank with constipation, ordered that Mr. Cruickshank be treated for constipation and discharged Mr. Cruickshank back to the jail. Mr. Cruickshank's stomach pain started again the next morning, and he complained to the jailers of abdominal pain on November 28 and November 29. Mr. Cruickshank was returned to Elbert Memorial Hospital on November 30, 2004, where he was diagnosed with right lower lobe pneumonia, abdominal pain, hypoxia, and shock. He was transferred to Athens Regional Hospital, where he was diagnosed with appendicitis on December 1, 2004.

## DISCUSSION

Plaintiffs bring a state law claim for medical malpractice against Defendant Washington (Compl. ¶¶ 240-246). To recover for medical malpractice, a plaintiff must prove: (1) the doctor had a duty to plaintiff; (2) the doctor breached that duty "through the failure to exercise the requisite degree of skill and care;" and (3) plaintiff suffered an injury proximately caused by the doctor's failure. *Haughton v. Canning*, 287 Ga. App. 28, 28, 650 S.E.2d 718, 720 (2007). Here, it is undisputed that Washington owed a duty to Mr. Cruickshank because Washington was Mr. Cruickshank's physician. The Court finds that there are genuine issues of material fact, supported by adequate medical evidence, as to whether Washington breached the standard of care for an emergency room physician. The Court further finds that there are genuine issues of material fact, supported by adequate medical evidence, as to whether Washington's acts and omissions proximately caused Mr. Cruickshank's injuries. For all of these reasons, Plaintiffs' and Defendant Washington's motions for summary judgment are denied.

## CONCLUSION

As discussed above, Plaintiffs' Motion for Summary Judgment as to Defendant Washington (Doc. 137) is denied. Defendant Washington's Motion for Summary Judgment (Doc. 145) is denied. Defendant Washington's Motion to Strike Plaintiffs' statement of material facts (Doc. 188) is denied as moot.

IT IS SO ORDERED, this 19th day of May, 2008.

                                                          S/Clay D. Land
                                                               CLAY D. LAND
                                              UNITED STATES DISTRICT JUDGE