IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

GLENN CRUICKSHANK and ROBIN       *
CRUICKSHANK,
                                  *
    Plaintiffs,
                                  *
vs.                                         CASE NO. 3:06-CV-101(CDL)
                                  *
ELBERT COUNTY, *et al*.
    Defendants.                   *

O R D E R

Presently pending before the Court are the following motions to strike:[1]

1.  Plaintiffs' Motion to Strike testimony of Triffy Pacitti (Doc. 175). As discussed below, this motion is **granted.**[2]

2.  Plaintiffs' Motion to Strike testimony of Defendant Washington (Doc. 210). As discussed below, this motion is **denied.**

---

[1] Defendant Hall also moved to strike the testimony of Plaintiffs' experts Robert Greifinger and John Robertson (Doc. 180). The Court received notification on May 9, 2008 that Hall would be dismissed from the case. The Court therefore finds Hall's motion to strike to be moot. Defendants Elbert County, the County Commissioners, Haston, Turman and Thompson ("Governmental Defendants") moved to strike testimony of Plaintiffs' experts Jane Grametbaur, Robert Greifinger, and John Robertson (Doc. 171). The Court received notification on May 16, 2008 that the Governmental Defendants would be dismissed from the case. The Court therefore finds the Governmental Defendants' motion to strike to be moot. The Court notes that it appears from the record that Grametbaur, Greifinger, and Robertson are not being offered to testify regarding Defendant Washington's treatment of Mr. Cruickshank.

[2] Ms. Pacitti was identified as an expert by Defendant Hall. Although Hall is no longer a party in this case, the Court finds it necessary to rule on Plaintiffs' motion to strike because Ms. Pacitti is listed as a witness on Defendant Washington's "may call" witness list.

1

**3.** Defendant Washington's Motion to Strike testimony of Matthew Keadey (Doc. 236). As discussed below, this motion is **denied**.

DISCUSSION

## 1. Triffy Pacitti

Plaintiffs move to exclude the testimony of Defendant Hall's expert witness, Triffy Pacitti, because Hall did not timely provide an expert report for Ms. Pacitti.[3] Under the Amended Scheduling and Discovery Order, Hall was required to disclose the identity of any medical expert witnesses by January 11, 2008 (30 days after Plaintiffs' medical experts were fully designated). Hall disclosed the identity of Pacitti on January 11, 2008 and stated that Pacitti's expert report would be produced under separate cover. Hall did not provide Pacitti's report to Plaintiffs until March 17, 2008, more than two months after Hall disclosed Pacitti's identity and more than a month after discovery closed on February 15, 2008.

Hall contends that she should be excused from including Pacitti's expert report with the January 11, 2008 disclosure as required by Federal Rule of Civil Procedure 26(a)(2)(B) ("Unless otherwise stipulated or ordered by the court, [disclosure of an expert witness] must be accompanied by a written report."). Hall argues that the Amended Scheduling and Discovery Order merely

---

[3]Ms. Pacitti was identified as an expert by Defendant Hall. Although Hall is no longer a party in this case, the Court finds it necessary to rule on Plaintiffs' motion to strike because Ms. Pacitti is listed as a witness on the "may call" list of Defendant Washington.

2

required her to "disclose the identity" of expert witnesses and did not require a Rule 26(a)(2)(B) expert report until some unidentified later date. Hall contends that because Plaintiffs were permitted under the Amended Scheduling and Discovery Order to "complete and supplement" their Rule 26(a)(2)(B) disclosures within 15 days after the last Elbert Memorial Hospital witness was deposed, Hall should be given extra time "to complete the designation process." However, Plaintiffs were never permitted to "disclose" their experts by merely providing Defendants with the name of an expert. Rather, they had to submit Rule 26(a)(2)(B) reports along with their expert disclosures. The Amended Scheduling and Discovery Order simply allowed Plaintiffs to supplement those reports based on the depositions taken after their preliminary reports were submitted. Thus, the Amended Scheduling and Discovery Order does not excuse Hall from timely producing a Rule 26(a)(2)(B) report for Pacitti.

Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), then the party is not allowed to use that witness "unless the failure was substantially justified or is harmless." Here, there is no evidence that Hall's failure to produce the required report was substantially justified. Furthermore, the failure is not harmless since Plaintiffs did not receive Pacitti's report until a month after discovery closed. Accordingly, the Court grants Plaintiffs' motion to strike the testimony of Triffy Pacitti.

3

## 2. John Henry Washington, Jr.

Plaintiffs move to strike the testimony of Defendant Washington as it relates to causation and the standard of care applicable in this case. Plaintiffs argue that Washington should not be allowed to testify on these matters because he has not disclosed himself as an expert under Federal Rule of Civil Procedure 26(a)(2)(A), because he did not submit an expert report, and because he is not qualified under Georgia law or the Federal Rules of Civil Procedure. Plaintiffs' motion is denied.

The Court declines to bar Washington from testifying because he did not submit an expert report. Washington was not required to do so in this case. Federal Rule of Civil Procedure 26(a)(2)(B) applies only to witnesses that are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." "A treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26, advisory committee's note (1993). As Mr. Cruickshank's treating physician, Washington has firsthand knowledge of the material facts of this case. Furthermore, since Washington is a defendant in this case Plaintiffs have had an opportunity to depose him and seek written discovery responses from him.

The Court also declines to find that Washington is not qualified to render an opinion on the standard of care and causation in this

case. Plaintiffs asserts that Washington is not qualified to render an opinion because has not had any formal emergency, surgery, or critical care training (other than continuing medical education) since medical school, because he is not board certified in any field of medicine, and because he did not teach or instruct emergency physicians in emergency medicine during three of the five years before he treated Mr. Cruickshank. However, Washington has been licensed to practice medicine in Georgia since 1982, and he has practiced as an emergency room physician since 1989. (Resp. to Pls.' 2d Interrogs. on behalf of Def. John Henry Washington, Jr., M.D. 6.) Furthermore, Washington was regularly engaged in the active practice of emergency medicine during five of the five years preceding his treatment of Mr. Cruickshank, so he meets the competency standard set forth in O.C.G.A. § 24-9-67.1(c)(2)(A). (*Id.*) For these reasons, the Court denies Plaintiffs' motion to strike the testimony of Defendant Washington.

## 3.  **Matthew Keadey**

Defendant Washington moves to strike the testimony of Plaintiffs' expert, Matthew Keadey, arguing that Dr. Keadey's expert affidavit was not properly sworn or notarized and that the Court should strike Dr. Keadey's expert report and testimony as a sanction. In response, Plaintiffs' counsel produced the affidavit and testimony of Hayley Strong, the notary who notarized Dr. Keadey's affidavit. Ms. Strong testified that she went to see Dr. Keadey in person and

that he signed the affidavit in front of her. Based on this testimony, the Court finds that the affidavit was properly notarized and sees no reason to exclude Dr. Keadey's testimony.

CONCLUSION

As discussed above, Plaintiffs' Motion to Strike testimony of Triffy Pacitti (Doc. 175) is **granted**. Plaintiffs' Motion to Strike testimony of Defendant Washington (Doc. 210) is **denied**. Defendant Washington's Motion to Strike testimony of Matthew Keadey (Doc. 236) is **denied**.

IT IS SO ORDERED, this 19th day of May, 2008.

          S/Clay D. Land
           CLAY D. LAND
  UNITED STATES DISTRICT JUDGE